**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4467**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

STEPHEN MICHAEL GAYER,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Andre M. Davis, District Judge.  (1:07-
cr-00473-AMD-1)

Submitted:  April 23, 2009          Decided:  April 29, 2009

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Ebise Bayisa, Staff
Attorney, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein,
United States Attorney, Tonya Kelly Kowitz, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen Michael Gayer appeals the sentence imposed after he pleaded guilty to two counts of sexually exploiting a minor for the purpose of producing child pornography. Finding the sentence reasonable, we affirm.

We review Gayer's sentence under a deferential abuse of discretion standard. See Gall v. United States, 128 S. Ct. 586, 590 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). Other significant procedural errors include "treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2006] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 128 S. Ct. at 597. The court then considers the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id. This court presumes that a sentence within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

In sentencing, the district court should first calculate the Guidelines range and give the parties an opportunity to argue for whatever sentence they deem

2

appropriate. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The court should then consider the § 3553(a) factors to determine whether they support the sentence requested by either party. Id. While a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record, particularly when the court imposes a sentence within a properly calculated Guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

Gayer received a 240 month sentence on the first count and a consecutive sixty month sentence on the second count. He contends that his sentence is procedurally unreasonable because the court did not specifically address facts articulated by counsel concerning his age, lack of risk of recidivism, and lack of criminal record. Gayer contends that his sentence is substantively unreasonable because the court overemphasized general deterrence and did not take into account Gayer's individual factors.

Here, the district court followed the necessary procedural steps in sentencing Gayer, properly calculating the Guidelines range and considering that recommendation in conjunction with the § 3553(a) factors. In light of the facts of this case, and the district court's sufficient articulation

3

of its consideration of the § 3553(a) factors, we find the sentence reasonable.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>